JOSEPH A. RICHARDSON, TRUSTEE *v.* DELAWARE LOAN ASSOCIATION.

*Loan Association—Certificate of Stock—Agents.*

A statement issued by an officer of a loan association under the seal of the corporation in lieu of a certificate of stock, the company being in the habit of thus certifying to stockholders, is binding upon the corporation, and a party making a loan of money on the faith of such statement may recover from the corporation the value thereof.

A corporation is bound by the acts of its agent within the scope of his authority.

If an agent of a corporation acts without the scope of his authority and said acts be in any way recognized by the corporation as valid, it amounts to a ratification and the corporation is liable thereon.

(*New Castle, January 4, 1893.*)

ACTION to recover the value of certain shares of Building Loan Stock. The facts appear in the charge of the Court.

Heard before HOUSTON and CULLEN, J. J.

*Tilghman Johnson,* for plaintiff.

*Harry Emmons,* for defendant.

CULLEN, J., charging the jury:

*Gentleman of the Jury*: This is an action of assumpsit brought by Joseph A. Richardson, trustee, against the Delaware Loan Association for the purpose of recovering money which Mr. Richardson alleges is due and owing to him from said Association by reason of his being the holder of certain shares of stock in that corporation. It is admitted that the Delaware Loan Association is an incorporated institution under the provisions of our laws, and that under and by virtue of its act of incorporation they have a right to issue stock to certain persons for the purposes as stated therein, and according to the terms and provisions of said act the

shockholders are entitled to certain rights and privileges. That is to say, if they subscribe for a certain amount of stock, they are under the necessity of paying in so much money per month and are subject also to fines, etc., and if they see fit to go on paying until the time is up, they are entitled to a certain amount; and if they see fit to draw out at any time, according to the provisions of said act, they have a right so to do.

It is contended on the part of the plaintiff in this case, Mr. Richardson, that he was the purchaser of certain shares of stock which were owned originally by Messrs. Mode and Haines and which shares were transferred to him on the books of this corporation, and that Messrs. Mode and Haines being the regular stockholders, as he contends, under the provisions of the act they assigned the stock to him and he thereby became entitled, as the assignee, and of course stood in the shoes of the original parties and entitled to the same immunities and privileges with reference to the stock which existed in the original owners.

It is further contended on the part of the plaintiff that these parties desired to effect a loan and offered to sell the plaintiff certain shares of stock, and in order to ascertain about this, he went to the company and that the company issued, not a certificate, but a statement that was issued under the seal of the corporation and attested by the Secretary, March 13, 1886, that these gentlemen were entitled by the books of the company to so many shares of stock.

We will say to you, gentlemen, very frankly, so far as that matter is concerned, though it may not be a matter that is legally conducted or according to the by-laws, or a part of the officer's regular duties under and by virtue of the act of incorporation, if they were in the habit of doing business in that way (because you must bring this down to what was their custom), the corporation is liable.

Here is a man, as contended on the part of the plaintiff, who was called upon for a loan, and in order to effect the loan who required them to show him some proof that he had something upon

which to base a loan, and that this paper was brought. It is simply a paper stating that A. B. is entitled to so much money; that is all the paper represents; and he claims that under that paper, acting on it, giving due and full credit to it, the same being issued by Mr. Maris, the Secretary of the Company and under the seal of the Company,—he advanced money on it and took it. It is contended on the other side that Mr. Maris had no right to issue this paper, that it was beyond the scope of his authority as an agent—if he was an agent—of the Company. He was the Secretary of the Company, a regularly appointed officer, and, of course, he was an agent. All the officers are necessarily the agents of the Company and form and comprise the Company itself, to a great extent.

It is unquestionably the law that a principal is bound by the acts of the agent, where the agent acts within the scope of his authority. You must be governed by the evidence in this case and apply it to the law as the Court lay it down to you; and this whole case comes, therefore, down to this: Was this man the agent of this Company—which is admitted—and did he exceed the scope of his authority? In other words, did he do an act such as the Company was not bound by on account of his exceeding his authority as their agent?

So far as this matter of agency is concerned, there is no difference between individuals and corporations. A corporation is as much bound by the acts of its agents as individual are.

As to this case now before you, while it has never, so far as I know, been decided in our courts, yet in 34 New York Court of Appeals, this whole matter is taken up and this whole doctrine is laid down. There is not a principle that has been referred to here that is not treated of there. Are you satisfied from the proof as to the manner in which these parties acted, as to their custom or mode of doing business, and if you are satisfied that they were in the habit of so transacting their business and that their agent as such did it, and they recognized the acts of their agent, then they are estopped from denying it. (Here reads from 34 N. Y. page 30, &c.)

The question now arises as to whether or not, on the strength of this paper through the act of the incorporation, or its agent, which is the same thing,—this man loaned out his money; is the proof produced here that this Company held itself out in this mode of transacting business? Is there proof here that satisfies you that in the transaction of its business as a loan association it was customary for men when they wanted to sell their stock to go and get a paper like this, whether there is stock held by them or not, if the Company sees fit to issue certificates of that kind, it is clearly responsible.

(Citing 104 Supreme Court of United States, 192.) Therefore it comes down to this: Were the Company cognizant and did they ratify these acts? Were they acquainted with this mode? Were they in the habit of doing business in this way? . If that is the proof—and that is a matter entirely with you to consider—and it satisfies you of that fact, then gentlemen, under the circumstances and the law in this case, your verdict should be in favor of the plaintiff.

It is very true, as has been contended by the counsel for the defendant, that if an agent does an act which is contrary to, and without the scope of his authority, the principal is not liable. But even though it is not within the scope of his authority or according to the provisions of the act of incorporation, and even though his acts are unauthorized—still if the Company recognized those acts—and that is a matter of proof whether or not they did recognize these acts, which they or the agent had no right to do—by their subsequent acts, without giving notice to the party or anything of that kind, then under those circumstances they are responsible just as much as if it had been approved under proper circumstances and as if he were properly acting.

If, on the other hand, you believe that this was not an act on the part of the Company, not recognized by them, that it was not their way of doing business and that it was the act of Mr. Maris as an individual, contrary to their usual mode of doing business

and in violation of the rules and rights of the Company,—then in that case, of course, the Company is not bound and your verdict should be for the defendants.

If, however, you believe, from the facts proved, that the plaintiff is entitled to recover, then he is entitled to recover on this paper and it is the foundation of the action from which you are to ascertain your amount.

Verdict for the plaintiff for $1,074.72.